| | | |
|---|---|---|
| BRIAN CANNON<br>12 Sunset Drive<br>Edgewater, Maryland 21037 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| | * | ANNE ARUNDEL COUNTY |
| v. | | Case No. C-02-CV-20-002117 |
| | * | |
| REEF GLOBAL ACQUISITION LLC<br>601 Brickell Key Drive<br>Suite 10<br>Miami, Florida 33131 | *<br>*<br>* | |
| *Serve On:*<br>*The Corporation Trust Company*<br>*1209 Orange Street*<br>*Wilmington, Delaware 19801* | *<br>*<br>* | |
| and | * | |
| AMERIPARK, LLC<br>233 Peachtree Street NE<br>Suite 2600<br>Atlanta, Georgia 30303 | *<br>* | |
| *Serve On:*<br>*The Corporation Trust, Inc.*<br>*2405 York Road*<br>*Suite 201*<br>*Lutherville-Timonium, Maryland 21093* | *<br>*<br>* | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR MONETARY DAMAGES AND NOTICE OF CLAIM FOR ATTORNEYS' FEES

Now Comes the Plaintiff, and sues the Defendants, by and through his undersigned counsel, and states:

1

## FACTS COMMON TO ALL COUNTS

1. The Plaintiff Brian Cannon is an individual resident of Anne Arundel County and a citizen of the State of Maryland.

2. The Defendant REEF Global Acquisition LLC is a Delaware registered LLC headquartered in Miami, Florida.

3. The Defendant AmeriPark, LLC, is a Georgia registered LLC headquartered in Atlanta, Georgia, with a resident agent in Maryland.

4. On April 12, 2018, the Plaintiff was offered employment by way of an employment offer letter from Defendant AmeriPark, LLC, to work as a salesperson for parking services related to the hospitality industry, based out of Baltimore, Maryland. He signed that employment offer letter on May 7, 2018, and began work for Defendant AmeriPark LLC on the same day.

5. Under the terms of the offer letter from AmeriPark, the Plaintiff was entitled to a base salary and bonuses based upon performance. An additional commission structure was also in place based upon the sales made by each salesperson.

6. In or around February, 2019, Defendant AmeriPark LLC and its parent company were acquired by Defendant Reef Global Acquisition, LLC or its parent company, and Defendant AmeriPark LLC was then placed under the management of Defendant REEF Global Acquisition, LLC.

7. In April of 2019, the Defendants, through AmeriPark's parent company, requested that the Plaintiff provide a copy of his employment offer letter and related documents, which he did provide.

8. On October 31, 2019, the Defendants sent the Plaintiff a new employment offer letter and accompanying proposed bonus plan and non-solicitation agreement, retroactively dated to October 1, 2019. The Plaintiff did not sign or return the new employment offer letter from the Defendants and continued working under the old employment agreement.

9. The Defendants never followed up with the Plaintiff on the new offer letter or raised the subject of the new offer letter again.

10. On January 31, 2020, a new Sales Incentive Plan was shared with the Plaintiff by Defendants, which he did not sign. The Defendants did not raise the issue of the unsigned new Sales Incentive Plan with Defendant at any time.

11. On March 17, 2020, the Plaintiff submitted a request for his 2019 bonus payments calculated in the manner to which the parties had previously agreed, to Robert Cizek, a supervisor of the Plaintiff, who is employed by the Defendants. Mr. Cizek advised that he hoped the bonus would be paid out in April of 2020.

12. Shortly thereafter, the Defendants, without giving any notice to the Plaintiff, reduced the Plaintiff's regular agreed upon salary by 20%. At that time, the Covid-19 crisis had just begun. There was no official notice, or even informal notice, given to Plaintiff as to the reason for the reduction.

13. In early July of 2020, the Plaintiff discussed the unpaid bonuses, commissions, and reduced pay with his supervisor Todd Brosius. He then followed up on that conversation with an email to Mr. Brosius on July 15, 2020, again inquiring about the unpaid wages. Mr. Brosius did not respond to that email.

14. On September 2, 2020, growing frustrated with the lack of communication and lack of response from the company, Plaintiff emailed his supervisors Leonard Carder and Todd Brosius, setting out in detail the unpaid amounts, which he had calculated as unpaid 2019 annual bonus of $56,000.00, back salary for 2020 of $15,203.00, and 2020 unpaid commissions of $10,155.00 (through July of 2020), for a total owed of $81,358.00.

15. There was no response to the email of September 2, 2020, and on September 7, 2020, the Plaintiff resigned from his employment with Defendants.

16. After that date, further demands for payment made upon the Defendants through counsel have not resulted in any payments being made to the Plaintiff.

## COUNT I
### Unpaid Wages under Maryland Code Ann. Lab. & Emp. §3-501 et seq.
### Both Defendants

17. The Plaintiff incorporates paragraphs 1 through 16 above as though set forth fully under this Count.

18. Maryland Code Ann. Lab. & Emp. §3-501 et seq. requires an employer to pay an employee wages as promised in a timely fashion.

19. The Defendants have breached the relevant Act by failing to pay wages due and owing in a timely fashion. Under the relevant Act, bonuses and commissions are considered wages.

20. Demand has been made repeatedly and payment has not been forthcoming, nor has a good faith explanation for the failure to pay been forthcoming.

21. The Plaintiff is presently owed the sum of $81,358.00, plus pre-judgment interest at the legal rate of 6% from the date of demand.

22. Md. Code Ann. Lab. & Emp. §3-507 provides for the payment of reasonable attorneys' fees to an employee forced to engage an attorney to recover unpaid wages.

23. Md. Code Ann. Lab. & Emp. §3-501 et seq. also provides for treble damages upon a finding of bad faith in failing to pay unpaid wages to an employee.

24. The Plaintiff does herein allege bad faith and seeks some multiplier of damages up to and including treble damages.

WHEREFORE, Plaintiff prays:

A. That this Court enter judgment for the Plaintiff and against both Defendants, jointly and severally, in an amount greater than $75,000.00, plus prejudgment interest at the legal rate from the date of demand;

B. That this Court award up to treble damages in this case, based upon a bad faith refusal to pay unpaid wages;

C. That this Court order the Defendants to pay the Plaintiff's reasonable attorneys' fees and costs under Maryland Code Ann. Lab. & Emp. §3-507; and,

D. That this Court order whatever other relief the justice of the cause demands.

## COUNT II
### Breach of Contract
### All Defendants

25. The Plaintiff incorporates paragraphs 1 through 24 above as though set forth fully under this Count.

26. The employment offer letter and related documents, and Plaintiff's acceptance of those terms both by signed execution and by performance under those terms constituted a contract between the parties, despite Defendants' disclaimers to the contrary.

27. The Defendants have breached the Agreement between the parties by failing to pay wages due and owing in a timely fashion.

28. Demand has been made repeatedly and payment has not been forthcoming.

29. The Plaintiff is presently owed the sum of $81,358.00, plus pre-judgment interest at the legal rate of 6% from the date of demand.

WHEREFORE, Plaintiff prays:

A. That this Court enter judgment for the Plaintiff and against both Defendants, jointly and severally, in an amount greater than $75,000.00, plus prejudgment interest at the legal rate from the date of demand; and,

B. That this Court order whatever other relief the justice of the cause demands.

## COUNT III
### (In the Alternative)
### Unjust Enrichment
### All Defendants

30. The Plaintiff incorporates paragraphs 1 through 29, above, as though set forth fully under this Count.

31. In the event that no breach of contract or breach of the Maryland Employment Act is found, the Defendants nevertheless unjustly enriched themselves at Plaintiff's expense, by failing to pay wages that were due and owing to the Plaintiff, and for which the Plaintiff performed services in anticipation of receiving the stated funds.

32. The Defendants withheld funds in the amount of $81,358.00 that were rightfully due and owing to the Plaintiff, and were unjustly enriched thereby.

WHEREFORE, the Plaintiff prays:

A. That this Court enter judgment in favor of Plaintiff, and against Defendants, jointly and severally, for amounts in excess of $75,000; and,

B. For whatever other relief the justice of the cause demands.

Respectfully Submitted,

_____/S/Nevin L. Young_____
NEVIN L. YOUNG
CPF No. 0512150328
170 West Street
Annapolis, Maryland 21401
410-353-9210
nyoung@burlingtonyounglaw.com

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury on all factual issues triable by jury.

Respectfully Submitted,

_____/S/Nevin L. Young_____
NEVIN L. YOUNG
CPF No. 0512150328
170 West Street
Annapolis, Maryland 21401
410-353-9210
nyoung@burlingtonyounglaw.com